**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SWIFT TRANSPORTATION**
**CO. OF ARIZONA, LLC,**

                                                  **1:14-cv-902**
              **Plaintiff,**                           **(GLS/CFH)**

                    v.

**RTL ENTERPRISES, LLC et al.,**

              **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Bowitch, Coffey Law Firm              DANIEL W. COFFEY, ESQ.
17 Elk Street
Albany, NY 12207

**FOR THE DEFENDANTS:**
*RTL Enterprises, LLC*
Wilson, Elser Law Firm                THERESA B. MARANGAS, ESQ.
677 Broadway - 9th Floor
Albany, NY 12207-2996

*East Coast Systems Engineering, Inc.*
McNamee, Lochner Law Firm        JACOB F. LAMME, ESQ.
677 Broadway                               JOHN J. PRIVITERA, ESQ.
Albany, NY 12207-2503

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Swift Transportation Co. of Arizona, LLC commenced this diversity action against defendants RTL Enterprises, LLC and East Coast Systems Engineering, Inc. alleging state law claims for negligence and breach of contract related to two separate asbestos leaks. (*See generally* Compl., Dkt. No. 1, Attach. 1 at 5-11.) Pending are RTL's motion to dismiss for lack of personal jurisdiction, (Dkt. No. 7), East Coast's motion to dismiss for lack of personal jurisdiction, (Dkt. No. 9), and Swift's cross motion seeking leave to amend its complaint, limited jurisdictional discovery, and/or transfer to another forum, (Dkt. Nos. 13, 16). For the reasons that follow, defendants' motions are granted, and Swift's cross motion is denied.

### II. Background

**A. Facts**[1]

On or about June 26, 2006, Swift, a Delaware limited liability company with a principal place of business in Arizona, and East Coast, a

---

[1] Unless otherwise noted, the facts are drawn from Swift's complaint and presented in the light most favorable to it.

Massachusetts corporation with a principal place of business in Massachusetts, "entered into a Transportation Services Agreement . . . whereby East Coast retained Swift to transport freight." (Compl. ¶¶ 1, 3, 5.) Pursuant to that agreement, East Coast was obligated to "fully indemnify Swift for any liabilities and losses incurred as a result of the negligence of East Coast." (*Id.* ¶ 6.) In both August 2011 and July 2012, East Coast sought for Swift to transport trailers containing barrels of asbestos from a facility in Portland, Connecticut to Minera Enterprises, located in Waynesburg, Ohio. (*Id.* ¶¶ 7-8, 14.) The facility where the trailers were initially located belonged to RTL, a Connecticut limited liability company with a principal place of business in Connecticut. (*Id.* ¶¶ 2, 7-8.) East Coast and RTL had "a contractual relationship" whereby "East Coast [had] retained RTL to load contents onto trailers at RTL's facility in Portland, Connecticut." (*Id.* ¶¶ 10-11.) Thus, "RTL and/or East Coast were solely responsible for assuring the contents contained within the trailers Swift was being asked to haul were secured and were safe for interstate transport." (*Id.* ¶ 16.)

In both August 2011 and July 2012, in the course of transporting the trailers, Swift drivers "parked at the Pilot Travel Center in Newburgh, New

3

York," and "noticed leaks occurring from the trailers." (*Id.* ¶¶ 18, 20.) On each occasion, the trailers were "in the possession of Swift drivers for two hours or less when the leaks were discovered," and, upon their discovery, the leaks of asbestos were reported to Swift and the appropriate governmental authorities. (*Id.* ¶¶ 21-23.) Swift then "took steps to remediate the asbestos, including retaining hazmat companies to safely clean the area and transfer the remaining contents to other trailers," (*id.* ¶ 25), causing Swift to incur expenses totaling roughly $190,000, (*id.* ¶¶ 26-27). Swift alleges that "[t]he leaks were caused solely by the acts and omissions of . . . [d]efendants in packing and loading the asbestos onto the trailers." (*Id.* ¶ 24.)

**B.     Procedural History**

This action was removed to this court from New York State Supreme Court in Albany County on July 18, 2014. (Dkt. No. 1.) Shortly thereafter, both RTL and East Coast filed the pending pre-answer motions to dismiss for lack of personal jurisdiction. (Dkt. Nos. 7, 9.) In response, Swift filed its cross motion seeking leave to file an amended complaint and transfer of venue to the Southern District of New York. (Dkt. No. 13.)

### III.  Standard of Review

When a defendant calls personal jurisdiction into question by invoking Rule 12(b)(2), the plaintiff bears the burden of satisfying the court that it has jurisdiction over the moving defendant. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). In the absence of an evidentiary hearing, the plaintiff's "allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits [and other written materials]." *Id.* (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)).

Notwithstanding the foregoing, the court is empowered with discretion to permit limited jurisdictional discovery to ferret out information on the jurisdictional issue. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998). "[P]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction, i.e., by making a *prima facie* showing of jurisdiction." *Id.* at 184 (internal quotation marks and citations omitted).

### IV. <u>Discussion</u>

In its motion to dismiss, RTL argues first that Swift has failed to make out a prima facie showing of personal jurisdiction over it in this case. (Dkt.

No. 7, Attach. 5 at 8-9.) Specifically, RTL notes that Swift's complaint "is devoid of any allegations (factual or otherwise) establishing personal jurisdiction over the two foreign [d]efendants." (*Id.* at 8.) Further, RTL asserts that it is not subject to the New York long arm statute here, (*id.* at 9-12), and that exercising personal jurisdiction over it would not comport with due process, (*id.* at 12-16), arguments that are also made by East Coast, (Dkt. No. 9, Attach. 3 at 7-9). In response, Swift argues that it has established that jurisdiction is proper over both defendants, (Dkt. No. 16 at 10-18), or, in the alternative, seeks limited jurisdictional discovery, (*id.* at 18). Swift also seeks to amend its complaint to add a cause of action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act[2] (CERCLA) and a common law indemnity claim, (*id.* at 6-8), and to transfer this action to the Southern District of New York, (*id.* at 19-20).

**A.     Personal Jurisdiction**

As limited by Swift's response to defendants' motions to dismiss, the court's jurisdiction is premised upon satisfaction of New York's long arm statute, *see* N.Y. C.P.L.R. § 302—in particular, the "act without/injury within

---

[2] *See* 42 U.S.C. §§ 9601-9675.

New York" provision of N.Y. C.P.L.R. § 302(a)(3). (Dkt. No. 16 at 5, 11-13); *see* Siegel, N.Y. Prac. § 88 at 164-71 (5th ed. 2011). Aside from establishing jurisdiction under the forum state's long arm statute, jurisdiction of the defendant must not offend the constitutional guarantee to due process. *See Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, No. 13-3832-cv., 2014 WL 5066321, at *2 (2d Cir. Oct. 10, 2014).

In order to show that this court has personal jurisdiction over defendants pursuant to C.P.L.R. § 302(a)(3)(ii), Swift must demonstrate five elements, as laid out by the New York Court of Appeals:

> First, that defendant committed a tortious act outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce.

*LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 (2000). If the New York long arm statute would extend jurisdiction over defendants, the court must then undertake an analysis of whether the exercise of jurisdiction comports with federal due process. This analysis requires that each defendant have "'certain minimum contacts [with the forum] . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial

7

justice.'" *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 152 (2d Cir. 2001) (quoting *Calder v. Jones*, 465 U.S. 783, 788 (1984)). In cases where the claim "arises out of, or relates to, the defendant's contacts with the forum, . . . minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002) (internal quotation marks and citations omitted); *see LaMarca*, 95 N.Y.2d at 216 ("A non-domiciliary tortfeasor has 'minimum contacts' with the forum State . . . if it 'purposefully avails itself of the privilege of conducting activities within the forum State.'" (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). As to the "fair play and substantial justice" prong, the court must consider several factors going to the "reasonableness" of exercising jurisdiction over the defendants in the particular case, including:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir.

1996) (citing *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano Cnty.*, 480 U.S. 102, 113-14 (1987)). "Where a plaintiff makes the threshold showing of the minimum contacts required for the first test, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Bank Brussels Lambert*, 305 F.3d at 129 (internal quotation marks and citation omitted).

Even assuming, without deciding, that Swift could demonstrate that New York's long arm statute would be satisfied here,[3] the court finds that exercising personal jurisdiction over these defendants would offend due process, as there has been no indication that defendants "purposefully availed" themselves of the New York forum. *See Carpino v. Nat'l Store Fixtures, Inc.*, 275 A.D.2d 580, 582 (3d Dep't 2000) ("A 'minimum contacts' finding requires more than a reasonable expectation that a tortious foreign act will have New York consequences; it requires the foreseeability that

---

[3] Defendants do not appear to dispute that, as alleged, a tortious act was committed outside of New York, or that the cause of action arises from that act. Further, even though Swift has made no allegations with respect to defendants deriving substantial revenue from interstate commerce, defendants do not appear to directly dispute this. Defendants do raise arguments regarding whether the act caused injury in New York and whether they reasonably should have expected the act to have consequences in New York, (Dkt. No. 7, Attach. 5 at 9-12; Dkt. No. 9, Attach. 3 at 7-9; Dkt. No. 22 at 1-3; Dkt. No. 24, Attach. 1 at 2-4), but, at this juncture, Swift has adequately alleged an injury that occurred in New York, and, given the geography of a trip from Connecticut to Ohio, it would appear to be reasonable for defendants to expect their allegedly tortious act to have consequences in New York. However, as discussed herein, this is of no moment, as Swift's action fails on the constitutional prong of the personal jurisdiction analysis.

9

one's product may make its way to New York coupled with evidence of a purposeful New York affiliation." (internal quotation marks and citations omitted)). Swift's primary argument appears to be that, because the only reasonable route to take from Connecticut to Ohio entails traveling through New York for some portion of time, it would be reasonable to exercise personal jurisdiction over these defendants, who were tangentially involved in the overall transportation of the asbestos to its ultimate disposal site in Ohio. (Dkt. No. 16 at 13-16.) However, Swift has failed to address, in response to defendants' arguments, the lack of any apparent purposeful availment by defendants of doing business in New York. Notably, a "defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011).

While Swift appears to be correct that the most—and, arguably, only—reasonable route to be taken by its drivers required entry into New York, there is no evidence, or even an allegation, that either defendant took

10

any affirmative act to target New York.[4] *See World-Wide Volkswagen Corp.*, 444 U.S. at 295 (finding personal jurisdiction improper where it was based on "the fortuitous circumstance that a single . . . automobile, sold [outside of the forum state], happened to suffer an accident while passing through [the forum state]"); *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003) ("[P]urposeful availment is . . . something more than a passive availment of [the forum state's] opportunities." (internal quotation marks and citations omitted)). The only contact that defendants are alleged to have had with New York, and New York's only connection to the lawsuit, is that the asbestos, which defendants were responsible for loading and safely containing, was discovered to be leaking at a moment in time when Swift's trucks happened to be located in New York. (Compl. ¶¶ 18, 20.) However, there is no indication that either RTL or East Coast has made an effort to "target" New York, or that the contact giving rise to this action was anything other than

---

[4] To the contrary, RTL has provided evidentiary support for its assertion that it has initiated no business contacts with New York, indicating that it does not ship any materials to disposal facilities within New York, is not registered to do business in New York, does not maintain an office, bank account, or telephone number in New York, and does not solicit any business from New York. (Dkt. No. 7, Attach. 4 ¶¶ 7, 19, 21-25.) Although East Coast has not provided a similar affidavit, it instead notes the absence of any allegations with respect to "any activity of East Coast in New York," (Dkt. No. 9, Attach. 3 at 2), and Swift has made no such allegations in support of personal jurisdiction, (Dkt. No. 13, Attach. 1; Dkt. No. 16).

fortuitous or incidental. *See Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." (internal quotation marks and citation omitted)); *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998) ("'Purposeful availment' means that the defendant's contacts with the forum state must not be random, fortuitous, attenuated, or the result of unilateral activity of . . . another party." (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 282 (3d Cir. 1994) ("The contact must be purposeful, rather than incidental.").

The only argument Swift offers with respect to the due process test is that, "[w]hen the 'product' involved is a hazardous substance or waste, the court should consider the nature of the substance involved in determining the expectation of the defendant to be haled into court in another state." (Dkt. No. 16 at 14-16.) However, Swift does not cite any authority that would be binding on this court for such a proposition, instead relying primarily on one case from the District of Rhode Island. *See O'Neil v.*

*Picillo*, 682 F. Supp. 706 (D.R.I. 1988). Notably, although in a concurring opinion, the Second Circuit has expressly stated in response to a similar argument that "neither the New York Court of Appeals nor th[e Second Circuit] have ever so held," indicating that "[t]he hazardous materials doctrine, which is based on a products liability theory, does not support the loosening of the requirements for establishing personal jurisdiction." *City of N.Y. v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 150 n.5 (2d Cir. 2011) (Wesley, J., concurring). Swift accurately states the requirement that a defendant's acts be "purposefully directed" toward the forum state, but then provides no argument or explanation as to how either defendant here has contacts with New York that constitute purposeful availment of the New York forum. (Dkt. No. 16 at 16.) As it is Swift's burden to establish that this court may properly exercise personal jurisdiction over each defendant, *see MacDermid*, 702 F.3d at 727, it has not met that burden here, and defendants' motions must be granted.[5]

---

[5] Although not indicated in Swift's notice of motion, (Dkt. No. 13), in its memorandum submitted in support of its cross motion and in opposition to defendants' motions to dismiss, Swift appears to request that it be allowed limited jurisdictional discovery, (Dkt. No. 16 at 18). However, when a plaintiff has not set forth a prima facie case of personal jurisdiction, the court does not abuse its discretion in denying jurisdictional discovery. *See Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009) (noting that a district court "is typically within its discretion to deny jurisdictional discovery when the plaintiff [has] not made out a prima facie case for [personal] jurisdiction" (internal quotation marks and citation omitted)); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998). Further, Swift

13

## B. Cross Motion to Amend and Transfer Venue

Given this court's determination that it lacks personal jurisdiction over these defendants, Swift's request that the court transfer venue of this action to the Southern District of New York, (Dkt. No. 16 at 19-20), is denied, as that court would suffer the same jurisdictional deficiencies as this court. Similarly, Swift's motion "for leave to file an amended complaint adding causes of action under CERCLA and common law indemnity," (Dkt. No. 16 at 5, 6-8), is also denied, because such amendment would not cure the court's lack of personal jurisdiction over defendants. *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss."); *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012) (denying motion to amend where "the addition of claims against [the defendants] would likewise be unable to withstand a motion to dismiss for lack of personal jurisdiction").

## V. Conclusion

---

does not offer any justification for such discovery in this case, and in fact indicates that it seeks "discovery from East Coast and RTL limited to the issues relevant to CPLR 302(a)(3)." (Dkt. No. 16 at 18.) As discussed above, Swift's assertion of jurisdiction here fails because it has not demonstrated purposeful availment by defendants of the New York forum, and therefore, discovery limited to issues going to the satisfaction of the New York long arm statute would not save Swift's claims here.

14

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that RTL's motion to dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that East Coast's motion to dismiss (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that Swift's cross motion (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Swift's complaint (Dkt. No. 1, Attach. 1 at 5-11) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 3, 2015
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court